ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -                                          )
                                                     )
StructSure Projects, Inc.                            )          ASBCA No. 62927
                                                     )
Under Contract No. W9127S-17-D-6004                  )

APPEARANCE FOR THE APPELLANT:          Michael S. Alfred, Esq.
                                         Hallett & Perrin, P.C.
                                         Dallas, TX

APPEARANCES FOR THE GOVERNMENT:        Michael P. Goodman, Esq.
                                         Engineer Chief Trial Attorney
                                       Michael T. Geiselhart, Esq.
                                       Liz K. Harris, Esq.
                                         Engineer Trial Attorneys
                                         U.S. Army Engineer District, Little Rock

OPINION BY ADMINISTRATIVE JUDGE EYESTER
ON THE GOVERNMENT'S MOTION TO DISMISS

StructSure Projects, Inc. (appellant or StructSure) filed an appeal alleging it is owed money for the government's use of certain temporary phasing facilities and other services. The U.S. Army Corps of Engineers (government or USACE) has moved to dismiss the appeal, arguing that: (1) the notice of appeal was filed by StructSure's project manager, who did not have the requisite authority to file such an appeal; and (2) StructSure lacks proper representation because it is represented by its subcontractor's counsel who, for several reasons, has a conflict of interest. Because we find that the notice of appeal was filed properly and StructSure is represented by an individual who meets the requirements of Board Rule 15, we deny the government's motion.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On July 14, 2017, USACE awarded multiple award task order contract (MATOC) No. W9127S-17-D-6004 to StructSure for design-build construction services (R4, tab 1 at 2-3).[1] Subsequently, on September 27, 2018, USACE issued task order No. W9127S-18-F-0112 to StructSure for various services, including design and alteration services for and temporary phasing facilities at the David Grant Medical

---

[1] The MATOC was actually awarded to United Excel Corporation (R4, tab 1 at 3). However, on July 1, 2019, the government issued a modification changing the

Center, Travis Air Force Base (R4, tab 2 at 46, 48-52). StructSure's subcontractor for the temporary phasing facilities was Sustainable Modular Management (Sustainable Modular) (*see* R4, tab 13 at 158).

2. In March and April of 2020, the government issued several notices to StructSure stating that the task order award was designated non-mission essential and StructSure and its subcontractors could not continue on-site construction activity until later notified (R4, tabs 4, 7-9). On April 29, 2020, the government informed StructSure that it could recommence immediately on-site construction activities (R4, tab 10 at 134).

3. StructSure submitted a request for equitable adjustment (REA) stating that the temporary phasing facilities and associated rental furniture and equipment were in use by the government during the time the project was classified as non-mission essential and as such, StructSure incurred extended rental costs (R4, tab 13 at 155). The agency denied the REA, and StructSure next submitted a claim seeking reimbursement for the same costs (R4, tabs 14-18). The claim was signed by Mark Benne, a program manager for StructSure (R4, tab 15 at 170). The claim was later certified by C. Kevin Rogers, chief executive officer of StructSure (R4, tab 18 at 190). On March 30, 2021, USACE issued a contracting officer's final decision (COFD) denying the claim (R4, tab 19 at 191-92).

4. On May 14, 2021, StructSure filed a notice of appeal of the COFD with the Board, which was signed by StructSure's project manager, Matt Callaway, and submitted on StructSure letterhead. Copies of the notice of appeal were also sent to several individuals, including: StructSure's chief executive officer, president, and vice president; Michael S. Alfred, Esq., of Hallett and Perrin; the chief executive officer for Sustainable Modular; and the contracting officer. (Notice of Appeal at 1) The notice also included several attachments, including the COFD (*id.* at 4-5). Another attachment was a letter to Matt Callaway from Michael S. Alfred, Esq., stating that Mr. Alfred's firm represents Sustainable Modular who "expresses its intent for [StructSure] to facilitate the appeal of the [COFD]" (*id.* at 2).

5. The Board issued an Order on May 20, 2021, stating that the record did not identify Mr. Callaway as a corporate officer or attorney and therefore, StructSure was directed to show it was represented by a person meeting the requirements of Board Rule 15(a), or to designate a proper person as its representative. On May 26, 2021, Michael S. Alfred, Esq., entered a notice of appearance "as counsel for Sustainable Modular Management, Inc., which is prosecuting the above-referenced appeal in the name of Appellant, StructSure Projects, Inc." (notice of appearance at 1). It is not disputed that Mr. Alfred is a duly licensed attorney in Texas.

---

contractor's name to StructSure Projects, Inc. on the MATOC and all task order awards (R4, tab 3 at 116).

6. On June 21, 2021, "Appellant, Sustainable Modular Management, Inc. [], which is prosecuting this appeal on behalf of StructSure Projects, Inc." filed a complaint (compl. at 1). A footnote in the complaint stated the following: "By prosecuting this appeal, [Sustainable Modular] is not waiving any of its rights, claims, positions or remedies against [StructSure] and/or its surety, Arch Insurance Company, all of which are expressly reserved" (compl. at 2 n.2). The complaint's caption stated it was the appeal of StructSure (compl. at 1). The complaint was signed by Michael S. Alfred of Hallett & Perrin, PC, as attorney for Sustainable Modular (compl. at 2).

7. On June 23, 2021, the government filed its motion to dismiss (gov't mot. at 1).

8. On June 29, 2021, StructSure's chief executive officer, Kevin Rogers, filed a letter with the Board stating that "Matt Callaway, Project Manager, is an authorized representative for StructSure Projects [and StructSure] has named Matt Callaway as an authorized agent for the purposes of filing claims or taking appeals on behalf of [StructSure]" (app. corr. ltr. dtd. June 29, 2021).

9. In addition, in its response to the government's motion, Michael S. Alfred, Esq., clarified that Sustainable Modular "is pursuing this appeal in the name of [StructSure]" as permitted by the subcontract between the two companies. Mr. Alfred also stated that as "the undersigned counsel [he] is representing [StructSure] for purposes of this appeal based on the waiver of a conflict of interest set forth" in the subcontract. As such, Mr. Alfred states that because he represents StructSure in "this narrow and limited situation," Sustainable Modular has not waived any of its rights against StructSure or the surety for monies that may be owed under the subcontract. (App. resp. at 1)

10. The Board finds that Matt Callaway was authorized to file the notice of appeal on behalf of StructSure and that Mr. Alfred, a licensed attorney, represents StructSure in this matter.

DECISION

Authority to File Appeal

The government contends that Mr. Callaway, as the project manager for StructSure, did not have authority to file an appeal on behalf of the company *at the time the appeal was filed* and therefore, the Board lacks jurisdiction over the appeal (gov't reply at 3-4). As support, the government argues that since Mr. Callaway did not submit the claim to the agency, and was not authorized as an agent of StructSure until *after* the

3

appeal was filed, he did not have authority to pursue the timely filed appeal at the Board (gov't reply at 4).

The Contract Disputes Act states that a contractor--a party to a Federal government contract--may appeal a COFD to the Board. 41 U.S.C. §§ 7101(7), 7104(a). To take an appeal, an appellant (contractor) must file a notice of appeal with the Board within 90 days from the date of receipt of the COFD. Board Rule 1(a). We have previously held that an authorized representative or agent may file a notice of appeal on behalf of a contractor. *See, e.g., Left Hand Design Corp.*, ASBCA No. 62458, 21-1 BCA ¶ 37,916 at 184,142-43 (holding that an administrative assistant was acting as an authorized agent on behalf of the contractor when she filed the appeal); *Garrison Engineers Constr., Inc., NW Mech., Inc.*, ASBCA Nos. 29015, 29536, 85-1 BCA ¶ 17,731 at 88,514.

Matt Callaway was authorized to file the notice of appeal on behalf of StructSure (SOF ¶ 10). In this case, it is irrelevant that StructSure's chief executive officer notified the Board that Mr. Callaway was an authorized representative *after* the notice was filed because the notification serves as a clear indication that Mr. Callaway was acting on appellant's behalf at the time the appeal was filed. In other words, and to state the obvious, if the chief executive officer of StructSure did not believe Mr. Callaway should have filed the notice of appeal, he would have said so in the correspondence with the Board rather than specifically name Mr. Callaway as an authorized agent to take appeals on behalf of the company.

Representation of Appellant

The government also contends that, to the extent Mr. Alfred has clarified he represents StructSure in this matter, Mr. Alfred is not a "proper" representative due to conflicts of interest (gov't reply at 1-3).[2] According to the government, Mr. Alfred also represents Sustainable Modular, who has sued StructSure's surety in the Eastern District Court of California on these exact claims. The government argues that the surety would only be liable if StructSure has wrongfully failed to pay. (*Id.* at 2) Further, according to the government, since Sustainable Modular states it is not waiving any rights against StructSure or its surety, it is not proper for Mr. Alfred to represent both the subcontractor and prime contractor here (gov't reply at 2; gov't mot. at 5).

Board Rule 15(a) states that a corporation may be represented by one of its officers or a licensed attorney. There is no dispute that Mr. Alfred, a licensed attorney,

---

[2] The government initially argued that StructSure was not represented by a corporate officer or licensed attorney as required by Board Rule 15(a) (gov't mot. at 1). Mr. Alfred, a licensed attorney, clarified that he represents StructSure (SOF ¶ 9), and the government subsequently amended its argument.

represents StructSure in this matter (SOF ¶ 10). Although the government argues the appeal should be dismissed for lack of proper representation due to a conflict of interest, we interpret the government's contention as an attempt to have Mr. Alfred disqualified as appellant's attorney, thereby creating a Board Rule 15(a) compliance conundrum.[3]

The Board has entertained motions to disqualify counsel before as the discretion to regulate attorney conduct is inherent in our judicial capacity. *Asahi Gen. Trading & Cont. Co. W.L.L.*, ASBCA No. 62445, 21-1 BCA ¶ 37,767 at 183,323. For example, "[i]f a conflict of interest resulting in demonstrable bias is shown to exist, it may have an effect on the proceeding." *AEC Corp.*, ASBCA No. 42920, 95-2 BCA ¶ 27,750 at 138,354. The moving party bears the burden of proving that we should disqualify counsel and the issue is resolved based upon the established record and parties' submissions. *Asahi General Trading & Cont. Co. W.L.L.*, 21-1 BCA ¶ 37,767 at 183,323.

As the government has acknowledged, sponsorship by a prime contractor of a subcontractor's claim has long been allowed by the Board, approved by the Federal Circuit, and is expressly permitted by regulation. *TPS, Inc.*, ASBCA No. 52421, 01-1 BCA ¶ 31,375 at 154,917; Federal Acquisition Regulation 44.203(c). However, the government believes that this appeal is somehow different in that if the appeal fails, the prime contractor may ultimately owe the subcontractor, and there has been no express waiver of the conflict (gov't reply at 3). The government has not shown how any of this will prejudice the government in defending its case or affect the current proceeding, nor has it specifically identified any statute, regulation, case law, or code of professional responsibility to support its position.

At this time, both StructSure and Sustainable Modular maintain the same position--that the government owes StructSure the rental costs associated with the use of temporary phasing facilities, rental furniture and equipment during the time the project was classified as non-mission essential. Therefore, on this record, we are unable to conclude that any of the alleged adverse interests would create a conflict of interest in counsel representing both companies as to essentially require disqualification of StructSure's counsel. *See AEC Corp.,* 95-2 BCA ¶ 27,750 at 138,354. Further, as Mr. Alfred, an attorney at law, has confirmed to the Board that he represents StructSure for purposes of this appeal, and StructSure itself has not alleged there is any conflict of interest, we will not require StructSure to expressly waive any perceived conflict.

---

[3] In this regard, it is not clear why, even if there were an issue with representation, the Board would not first provide an opportunity for StructSure to obtain a new representative and file a new notice of appearance.

<u>CONCLUSION</u>

For the foregoing reasons, the government's motion is denied.

Dated:  December 2, 2021

_____
LAURA EYESTER
Administrative Judge
Armed Services Board
of Contract Appeals

I <u>concur</u>

_____
RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

_____
OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62927, Appeal of StructSure Projects, Inc., rendered in conformance with the Board's Charter.

Dated:  December 2, 2021

_____
PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

6